UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAISON ORLEANS I, ET AL                CIVIL ACTION

VERSUS                                 NO.  06-2856

LIBERTY MUTUAL FIRE INSURANCE CO.      SECTION "R" (4)


**<u>ORDER</u>**

Liberty Mutual Fire Insurance Co. moves to dismiss or, alternatively, to stay plaintiff's claims pending appraisal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  For the following reasons, the Court DENIES defendant's motion.


**I.    BACKGROUND**

Plaintiffs Maison Orleans I, Maison Orleans II, and Louisiana Health Care Consultants, L.L.C. sued Liberty Mutual to recover under their insurance policies for losses incurred as a result of Hurricane Katrina.  MOII owned and operated a nursing home at 13500 Chef Menteur Highway in New Orleans, Louisiana.

Hurricane Katrina allegedly caused severe wind damage to this building, rendering it uninhabitable and inoperable since the storm.  At the time of the storm, MOII was insured by Liberty under policy No. YU2-L9L-431359-015, which provided coverage against, *inter alia*, direct physical loss or damage and loss of business income.  On January 20, 2006, Liberty allegedly forwarded a preliminary estimate to MOII that was based on a visit by Liberty's adjuster to the site and that indicated that the replacement cost of the damage to the building was $676,088.44 and the lost business income from September 2005 through December 2005 was $276,588.00.  Liberty then tendered $300,000.00 for storm damage and $200,000.00 for lost business income to MOII.  MOII hired Arco Builders to inspect the property.  Arco allegedly determined that the facility must be demolished and rebuilt and that the cost to replace the building and bring it up to current codes would exceed $12,000,000.  MOII allegedly submitted this estimate to Liberty on March 29, 2006 and received no response.

MOII sued Liberty for breach of contract for failing to pay for undisputed wind damage, failing to pay for additional lost business income, and bad faith in the claims adjustment and settlement process.  Liberty now moves to dismiss MOII's claims against it.  Alternatively, Liberty asks the Court to stay those

claims pending an appraisal of the damage to MOII.  Liberty
asserts that MOII has failed to submit sufficient proof of its
loss.  Liberty also asserts that because it has invoked the
appraisal procedure provided by the policy, the parties must
complete this procedure before suit may be filed.  MOII asserts
that the proof of loss it submitted is sufficient and that
Liberty waited too long to invoke the appraisal process, which
bars it from relying on that process to challenge the Court's
jurisdiction.

## II.  LEGAL STANDARD

### A.   Motion to Dismiss under Rule 12(b)(1)

Under Rule 12(b)(1), "[a] case is properly dismissed for
lack of subject matter jurisdiction when the court lacks the
statutory or constitutional power to adjudicate the case."  *Home
Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006,
1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6
Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  A district
court may dismiss a case for lack of subject matter jurisdiction
on any one of three bases: "(1) the complaint alone; (2) the
complaint supplemented by undisputed facts in the record; or (3)
the complaint supplemented by undisputed facts plus the court's
resolution of disputed facts."  *Clark v. Tarrant County*, 798 F.2d

3

736, 741 (5th Cir. 1986) (*citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). *See also Clark*, 798 F.2d at 741.  Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261.  Moreover, a court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

When a challenge to jurisdiction is really an attack upon the merits of plaintiffs' claim, dismissal under Rule 12(b)(1) is inappropriate. *Reeves v. Giuffrida*, 756 F.2d 1141, 1143 (5th Cir. 1985).  In *Reeves*, the defendant asserted that plaintiff's claims should be dismissed for lack of jurisdiction because plaintiff failed to file a proof of loss, which it contended was

4

a prerequisite to suit on its insurance policy.  *Id*. at 1142-43.
On appeal of the district court's dismissal of the action, the
Fifth Circuit held that this "'jurisdictional' challenge is
inseparable from the merits of the legal issue, that is, whether
failure to file the proof of loss precludes recovery.'"  *Id*. at
1143.  The court then proceeded to treat the district court's
dismissal as a dismissal for failure to state a claim under Rule
12(b)(6) in order to provide "a greater level of protection to
the plaintiff who in truth is facing a challenge to the validity
of his claim."  *Id*. (*quoting Williamson*, 645 F.2d at 415).  Here,
defendant asserts that plaintiff's failure to submit proof of
loss and to participate in the appraisal process preclude suit
and deprive the Court of jurisdiction.  This case is directly
analogous to *Reeves,* and the Court thus finds that defendant's
motion is properly evaluated under Rule 12(b)(6).

    **B.   Motion to Dismiss Under Rule 12(b)(6)**

    On a motion to dismiss for failure to state a claim under
Rule 12(b)(6), the Court must accept all well-pleaded facts as
true and view those facts in the light most favorable to the
plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.
1996); *American Waste & Pollution Control Co. v. Browning-Ferris,
Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must
resolve doubts as to the sufficiency of the claim in plaintiff's

favor.  *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382,
387 (5th Cir. 2001).  The claim should be dismissed only if it
appears that the plaintiff cannot prove any set of facts in
support of the claim that would entitle the plaintiff to relief.
*Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.
1995).  In reviewing a motion to dismiss under Rule 12(b)(6), the
Court may consider the facts presented in exhibits attached to
the complaint.  *See* Fed. R. Civ. Proc. 10(c) ("A copy of any
written instrument which is an exhibit to a pleading is a part
thereof for all purposes.").  Ordinarily, when matters outside
the pleadings are presented to and not excluded by the Court, it
must convert a motion to dismiss into one for summary judgment.
*Bolen v. Dengel*, 340 F.3d 300, 312 (5th Cir. 2003).  However, the
Court may consider documents outside the pleadings on a Rule 12
motion if the documents are referred to in the plaintiff's
complaint and are central to the plaintiff's claim, particularly
if the plaintiff does not object to their consideration.  *Scanlan
v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).


**III. DISCUSSION**

     Liberty asserts that submission of adequate proof of loss
and completion of the appraisal process, if it is requested, are
conditions precedent to filing suit and that MOII has failed to

satisfy both requirements.  The Court rejects these arguments
under the policy language and under Louisiana law.

Liberty relies on the following policy provision governing
the insured's duties after a loss occurs:

> P.   **Your** Duties After a Loss
> In case of loss **you** will:
> . . .
> 10.  Submit to us, within ninety (90) days from the date of
>      loss, unless we extend the time in writing, a signed,
>      sworn Proof of Loss that states to the best of your
>      knowledge and belief:
>      (a)  The time and cause of the loss;
>      . . .
>      (e)  The amount of **your** claimed loss.

(R. Doc. 1 at Ex. A, RM 1006 01-04, pp.4-5) (emphasis in
original).  The policy also requires the insured to submit an
inventory of any damaged property, any records documenting
estimated or actual repair costs or the amount of loss, the
specifications for a damaged building, and detailed estimates for
the repair of any damages.  (*Id*. at p.4).  Liberty further argues
that the policy provides that submission of proof of loss is a
condition precedent to suit against Liberty.  However, the policy
does not state that satisfaction of the proof of loss requirement
is a condition precedent to suit.  Rather, the Louisiana-specific
provision at page 3 of 4 of Form RM 1817 of the policy modifies
the standard provision on "suit" contained at page 4 of 18 of
Policy Form RM 1006 of the policy.  Significantly, the Louisiana-

specific provision eliminates the language, "no suit or other
legal proceeding can be brought against us unless there has been
full compliance with all the policy terms and conditions."
(*Compare* Policy Form RM 1817, p. 3 of 4, Paragraph M "Suit," with
Policy Form RM 1006, p. 4 of 18, Paragraph M, "Suit.")  The
Louisiana provision provides: "You shall have a right of suit
against us within the terms and limits of the policy.  Suit must
be brought within two (2) years after the date on which the
physical damage occurred." (Policy Form RM 1817, p. 3 of 4,
Paragraph M.)  Absent an explicit condition precedent, the Court
will not imply one, particularly in light of the differences
between the Louisiana provision and the standard provision.

Furthermore, in Louisiana, proof of loss is not required to
be in any formal style.  *See Sevier v. United States Fid. & Guar.
Co.*, 497 So. 2d 1380, 1384 (La. 1986) (applying the logic of
cases decided under La. Rev. Stat. § 22:658, which penalizes
insurers for failure to pay claims, to proof of loss in a case in
which an insurer demanded appraisal); *Arcadia Bonded Warehouse
Co. v. National Union Fire Ins. Co.*, 206 La. 681, 691 (La. 1944)
(holding that after an insurance company adjusted a loss and
refused to pay more, it was not necessary for the insured to
submit proof of loss on the company's form).  "As long as the
insurer receives sufficient information to act on the claim, 'the

8

manner in which it obtains the information is immaterial."'
*Sevier*, 497 So. 2d at 1384 (*citing Austin v. Parker,* 672 F.2d
508, 520 (5th Cir. 1982)); *see also Gregoire v. Sea Ray Marine
Services, Inc.,* 1989 WL 111612 at *5 (E.D. La. 1989) (holding
that a demand to fund a settlement constituted sufficient proof
of loss).  In *Sevier*, the court found that a contractor's
handwritten estimate of the cost of repairs was sufficient to
constitute adequate proof of loss when the insurer's adjuster had
previously visited the property along with the contractor, and
the adjuster was aware of the extent of the damages.  Here,
Liberty's adjuster visited the site and allegedly estimated the
replacement cost of the damage to be $676,088.44.  On March 29,
2006, MOII allegedly sent Arco Builders' itemized estimate to
Liberty, which totaled $12,650,954 for "building a new 235-bed
facility utilizing current building and licensing codes."

　　MOII alleged in its complaint that it submitted "adequate
proofs of loss."  (R. Doc. 1 at ¶ 39).  MOII further asserts that
the report it provided to Liberty was sufficient to satisfy any
proof of loss requirement.  The report is thus central to its
claim against Liberty.  Liberty attached the report to its reply
memorandum, and plaintiff did not object to the Court's
consideration of the report.  The Court may thus consider the
report for the purpose of deciding this motion.  The Court

concludes that under Louisiana's liberal standards for determining whether proof of loss is sufficient, the report constitutes adequate proof of loss.  The report apprised Liberty of the amount MOII claimed, and Liberty already knew the valuation assigned by its adjuster who had visited the property. These facts are similar to those in *Sevier*, in which the Court held the insured's proof of loss to be adequate.  Once Liberty received the Arco Builder's report, Liberty had sufficient information to act on the claim, either by compensating MOII under the policy or disputing the claim via the appraisal process.

The policy provides for appraisal of losses in the event the parties disagree about the amount of a loss.  "[E]ither party may demand that the disputed amount be submitted for appraisal." (R. Doc. 1 at Ex. A, RM 1006 01-04, p.5).  An appraisal demand "will be made in writing within sixty (60) days after **our** receipt of proof of loss." (*Id.*) (emphasis in original).

MOII submitted its proof of loss to Liberty on March 29, 2006.  Liberty made a request for appraisal on June 28, 2006, one month after MOII filed this suit and approximately three months after Liberty received proof of loss from MOII.  MOII asserts that Liberty's request to use the appraisal process was untimely because it came more than 60 days after MOII submitted proof of

10

loss to Liberty.  Having found that Liberty was in possession of
sufficient proof of loss more than 60 days before Liberty filed
its request for appraisal, the Court finds that Liberty's request
for appraisal was untimely and that MOII was not required to
submit to the appraisal procedure. *See Sevier*, 497 So. 2d at
1384 (untimely demand for appraisal relieves insured of
obligation to undergo appraisal process).

    In the alternative, Liberty asks the Court to stay MOII's
claims pending the outcome of the appraisal process.  The stay of
a pending matter lies within the Court's wide discretion to
control the course of litigation. *In re Ramu Corp.*, 903 F.2d
312, 318 (5th Cir. 1990); *Smart v. Ohiku*, 2005 WL 2037559 at *3
(E.D. La. 2005).  Because the Court finds that Liberty's request
for appraisal was untimely, it declines to rely on that request
to stay a properly initiated proceeding.  The parties indicated
at oral argument that they disagree as to the nature of the
coverage afforded by MOII's policy, and this disagreement would
likely have to be resolved by the Court regardless of the outcome
of the appraisal process.  Consequently, the Court finds that
there would be meager, if any, gains to judicial economy from an
appraisal process that proceeded before the issue of coverage was
decided.  Should the Court rule on the coverage dispute and one
or both parties then request an appraisal or similar

intervention, the Court will revisit the question.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion to dismiss or stay plaintiff's claims.

New Orleans, Louisiana, this __22nd__ day of August, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE